IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES-CHRISTIAN FAITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:20-182 |
| | ) | |
| JOHN J. VALKOVCI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Presently before the Court is Defendant's Motion to Dismiss (Docket No. 9) and brief in support thereof (Docket No. 10), Plaintiff's brief in response thereto (Docket No. 11), and Defendant's supplemental brief[1] (Docket No. 17). For the reasons set forth herein, Defendant's motion to dismiss Plaintiff's complaint is granted without prejudice to amendment with sufficient facts to state a claim.

**I. Background**

Plaintiff James-Christian Faith, who is proceeding *pro se*, initiated the above-captioned action by filing a "Notice of Tort" (hereinafter, "complaint") with this Court on September 9, 2020. (Docket No. 1). In his complaint, Plaintiff alleges that when he was criminally prosecuted for income tax evasion in a separate case filed with this District Court, he was never given notice as to the jurisdiction over his person that was asserted by the Commonwealth of Pennsylvania and Defendant.[2] Defendant John J. Valkovci, Jr. is the Assistant United States Attorney who

---

[1] Defendant's Supplemental Response Addressing Individual Liability was filed in accordance with the Court's Order requesting such supplemental briefing (Docket No. 14), but Plaintiff declined to file a reply thereto.

[2] The Court makes reference herein to certain matters of public record filed on the docket in the United States District Court the Western District of Pennsylvania. See Carpenters Combined Funds ex rel. Klein v. Klingman, No.

prosecuted Plaintiff's criminal case (hereinafter, "criminal case").³ Plaintiff is a self-proclaimed "'transient foreigner' without legal domicile as defined in 28 U.S.C. [§] 1332(d), 4 U.S.C. [§] 110(d)," who "[i]n the event that the 'State' (Legal Fiction) makes a claim against claimant(s) herein declares his 'person' to be 'stateless person' and outside any/all general jurisdiction of the federal government." (Docket No. 1 at 7).

While Plaintiff's complaint is far from a model of clarity, it appears to argue that Defendant's prosecution of Plaintiff without proving jurisdiction over his person violated his constitutional right to due process,⁴ and that the judgment in his criminal case is void.⁵ (Docket No. 1 at 26). For the relief sought in the complaint, Plaintiff contends that Defendant "and/or their successor(s), must prove and provide documented evidence on the official record that they and/or the Court in the above mentioned Cause had lawful jurisdiction over the Living Man/Secured Party James-Christian:Faith©." (Id.). Defendant has filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim.⁶

---

2:10-cv-63, 2010 WL 3432837, at *2 (W.D. Pa. Aug. 25, 2010) ("[I]n resolving a Rule 12(b)(6) or 12(c) motion, a court may look beyond the complaint to matters of public record, including court files and records, decisions of government agencies and administrative bodies, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion." (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993)).

³       In Plaintiff's criminal case, he waived indictment and pled guilty, and was sentenced to a 24-month term of imprisonment followed by a 3-year term of supervised release and was required to pay $1,590,605.00 in restitution. (W.D. Pa. Crim. Action No. 3:15-26, Docket Nos. 7-10, 26-27).

⁴       While giving Plaintiff additional leeway because he is proceeding *pro se*, the Court notes that the complaint makes reference to constitutional due process violations, although the details underlying those alleged violations are unclear.

⁵       For example, the complaint states that, as "[t]here was no lawful proof pertaining to the asserted jurisdiction before the trial court and the Claimant, James-Christian:Faith©, Secured Party Creditor, does NOT believe that the United States District Court, Western District of Pennsylvania, Johnstown Division ever had lawful jurisdiction over subject-matter and all parties at the time Cause No: 3:15-CR-00026 was heard/decided on therefore, creating a VOID JUDGMENT from the beginning." (Docket No. 1 at 27-28).

⁶       Defendant also asserts that this action constitutes Plaintiff's third attempt to evade the consequences of the judgment in his criminal case. Defendant points out that, in his criminal case, Plaintiff pled guilty to income tax evasion on December 10, 2015, was sentenced on June 30, 2016, and did not appeal his conviction. (W.D. Pa. Crim.

2

## II. Standards of Review

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the "court's 'very power to hear the case.'" Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006) (quoting Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). The party asserting that federal jurisdiction exists in a matter bears the burden of proving the existence of such subject matter jurisdiction. See Brown v. Tucci, 960 F. Supp. 2d 544, 561 (W.D. Pa. 2013) (citing Dev. Fin. Corp. v. Alpha Housing & Health Care, 54 F.3d 156, 158 (3d Cir. 1995)). There is a crucial difference between a Rule 12(b)(1) motion that attacks a complaint on its face, and a Rule 12(b)(1) motion that attacks the existence of subject matter jurisdiction in fact – apart from any pleadings. See Mortensen, 594 F.2d at 891. With a facial attack, a court must consider the allegations of a complaint as true, as with a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). See id. With a factual attack, however, the court ordinarily is not required to limit its inquiry to the facts as they are pled in the complaint because a presumption of truth is not attached to the plaintiff's allegations, and the plaintiff bears the burden of proving that jurisdiction over the subject matter at issue exists. See id.; see also Brown v. Tucci, 960 F. Supp. 2d at 561 (citing Dev. Fin. Corp. v. Alpha Housing & Health Care, 54 F.3d at 158).

---

Action No. 3:15-26, Docket Nos. 7-10, 26-27). Defendant further notes that Plaintiff first attacked his criminal prosecution on April 22, 2019 when he filed a complaint against the United States seeking a declaratory judgment that he was not subject to federal income tax laws (W.D. Pa. Civ. Action No. 3:19-64), and that Plaintiff attacked his prosecution again on July 8, 2019 by filing a motion pursuant to 28 U.S.C. § 2255, which was denied as frivolous and untimely (W.D. Pa. Crim. Action No. 3:15-26, Docket Nos. 28, 30, 33; W.D. Pa. Civ. Action No. 3:19-109).

3

### B. Federal Rule of Civil Procedure 12(b)(6)

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)); see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007).  While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Phillips, 515 F.3d at 231 (quoting Twombly, 550 U.S. at 555 (additional internal citation omitted)).  Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

It should be further noted, therefore, that in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).  Moreover, the requirement that a court accept as true

all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555 (internal citation omitted)).

Additionally, *pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Higgs v. Att'y Gen. of the United States, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."). Therefore, because Plaintiff is *pro se*, the Court will consider the facts alleged in the Complaint and make inferences where it is appropriate to do so. Nevertheless, "a *pro se* complaint must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Wallace v. Fegan, 455 F. App'x 137, 139 (3d Cir. 2011) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks and citation omitted).

### III. Legal Analysis

Defendant has moved to dismiss Plaintiff's complaint in its entirety for several reasons, including: (1) that this Court lacks subject matter jurisdiction over Plaintiff's claims; (2) that Defendant is entitled to absolute and qualified immunity; and (3) that Plaintiff has failed to state a claim upon which relief can be granted.

#### A. Official Capacity Claims

First, Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's claims because, to the extent that Plaintiff is suing Defendant for constitutional violations in his official capacity as an Assistant United States Attorney, such claims are barred by the doctrine of sovereign immunity.[7]  An official capacity claim brought against a government employee is

---

[7] Because Plaintiff's complaint does not specify whether he is suing Defendant in his official capacity or his individual capacity, the Court will address the complaint as if Defendant is being sued in both capacities.

essentially a claim brought against the entity for which that official works. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). However, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature," as "the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id. (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). In order to determine whether it has jurisdiction over Plaintiff's official capacity claims, therefore, the Court must determine whether sovereign immunity has been waived here. See id.

In his complaint, Plaintiff contends, "When John J. Valkovci Jr., took on the roll [sic] of Plaintiff, and asserted the trial court had jurisdiction, he not only waived their sovereign immunity, from the beginning, he each gave permission to be sued for the claims being presented against John J. Valkovci Jr., as the original plaintiff(s) which asserted the trial had jurisdiction." (Docket No. 1 at 18). Additionally, Plaintiff discusses immunities not protecting a person who acts in bad faith, and remarks with regard to government entities, "He possess no immunities for any purpose, or protection from any source and/or any alleged judgments or Orders from, these foreign powers have no standing in Law, as they are void from the beginning and confer no power to enforce." (Id. (emphasis omitted)).

Although Plaintiff alleges that Defendant waived sovereign immunity when he asserted that the Court had jurisdiction over Plaintiff in his criminal case, and although Plaintiff contends that government entities possess no immunities, he provides no legal support for his allegation that the United States waived immunity with respect to the claims he asserts against Defendant here, nor has he identified any statute that waives immunity for such claims – nor is the Court aware of any such waiver of sovereign immunity that could apply here. See Clinton County Comm'rs v.

United States Envt'l Protection Agency, 116 F.3d 1018, 1021 (3d Cir. 1997) ("[W]hen the plaintiff seeks to sue the United States or an instrumentality thereof, he may not rely on the general federal question jurisdiction of 28 U.S.C. § 1331, but must identify a specific statutory provision that waives the government's sovereign immunity from suit.").

Therefore, since an official capacity claim against Defendant is in essence a claim against the United States, and since Plaintiff has shown no waiver of sovereign immunity with regard to such claims, nor is any such waiver apparent to the Court, Plaintiff's claims for a constitutional violation against Defendant in his official capacity should be dismissed for lack of subject matter jurisdiction.

### B. Individual Capacity Claims

To the extent that Plaintiff is suing Defendant in his individual capacity for violations of his constitutional rights, Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted, citing Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  In *Bivens*, the United States Supreme Court recognized an implied private cause of action against federal employees in their individual capacity for money damages for violations of certain constitutional rights.[8]  See id. at 397.  The Supreme Court has explained that its "authority to imply a new constitutional tort, not expressly authorized by statute, is anchored in" its "general jurisdiction to decide all cases 'arising under the Constitution, laws, or treaties of the United States.'"  Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001) (quoting 28 U.S.C. § 1331).  In order to state a claim under *Bivens*, a plaintiff must allege that a defendant, in his individual capacity and acting under color of state law, deprived him of such constitutional rights.  See Bivens, 403 U.S. at 388.  However, the Supreme Court has permitted such claims recognizing

---

[8]  The Court notes that Plaintiff's complaint does not actually claim to seek money damages but, rather, appears to attack the validity of the judgment in Plaintiff's criminal case.

7

an "implied cause of action" only in very limited circumstances.  See Ziglar v. Abbasi, 137 S. Ct. 1843, 1855 (2017) (noting that, aside from *Bivens*, the Supreme Court had approved an implied cause of action in only two other cases involving constitutional violations); Bivens, 403 U.S. at 388 (recognizing an implied damages action for a violation of the Fourth Amendment against federal agents who had arrested and handcuffed a man in his home without a warrant); see also Carlson v. Green, 446 U.S. 14 (1980) (holding that federal prison officials could be sued under the Eighth Amendment for failure to give a prisoner proper medical attention); Davis v. Passman, 442 U.S. 228 (1979) (holding that an administrative assistant who was fired by a congressman could sue him for gender discrimination under the Fifth Amendment).  Furthermore, the Supreme Court has noted that "expanding the *Bivens* remedy" to include new situations "is now a 'disfavored' judicial activity."  Ziglar, 137 S. Ct. at 1857.

In fact, the Supreme Court has set forth the proper test for determining whether a case presents a new *Bivens* context as follows:

> If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new.  Without endeavoring to create an exhaustive list of differences that are meaningful enough to make a given context a new one, some examples might prove instructive.  A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

Id. at 1859-60.

Additionally, "[t]he Court's precedents now make clear that a *Bivens* remedy will not be available if there are "'special factors counselling hesitation in the absence of affirmative action

8

by Congress.'" Id. at 1857 (quoting Carlson, 446 U.S. at 18 (internal citation omitted)).  If a court determines that a case presents a new *Bivens* context, then it must inquire "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed.  Thus, to be a 'special factor counselling hesitation,' a factor must cause a court to hesitate before answering that question in the affirmative." Id. at 1857–58.  Moreover, if Congress has created "'any alternative, existing process for protecting the [injured party's] interest' that itself may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" Id. at 1858 (quoting Wilkie v. Robbins, 551 U.S. 537, 550 (2007)).

As explained, supra, Plaintiff's complaint here is based on Defendant's alleged failure to show that the District Court had jurisdiction over Plaintiff's person in his criminal case, *i.e.,* Defendant's "unlawful acts of Jurisdictional Enforcement and Due Process violations that were orchestrated on Cause No: 3:15-CR-00026 over this claimant, James-Christian:Faith©." (Docket No. 1 at 26).  Although the Court has indicated that Plaintiff's complaint is lacking in clarity, the Court concludes that his claims based on proof of jurisdiction are plainly quite different from the types of claims set forth in the *Bivens* cases, and thus allege a new context.  Further, in considering whether special factors and alternative remedies exist here, the Court notes that, through its passage of 28 U.S.C. § 2255, Congress has already provided persons convicted of federal crimes (including Plaintiff) with a means to attack the validity of their convictions, including by arguing that a court was without jurisdiction (as Plaintiff is arguing here).[9]

---

9   As noted, supra, Plaintiff himself filed a motion pursuant to 28 U.S.C. § 2255, which was denied.  (W.D. Pa. Crim. Action No. 3:15-26, Docket Nos. 28, 30, 33; W.D. Pa. Civ. Action No. 3:19-109).

Therefore, as the Court concludes that Plaintiff's complaint states a claim that would require *Bivens* to be extended to a new context, and in light of the Supreme Court's consideration of expanding *Bivens* as disfavored judicial activity, and upon further consideration of the fact that an alternative remedial structure is already present in Plaintiff's situation, the Court declines to find an implied *Bivens* remedy in this case. Accordingly, the Court finds that Plaintiff has failed to state a claim alleging a constitutional violation against Defendant in his individual capacity upon which relief can be granted. Thus, Plaintiff's claims for constitutional violations against Defendant in his individual capacity should be dismissed.[10]

### IV. Conclusion

Therefore, the Court finds that, to the extent that Plaintiff alleges claims against Defendant in his official capacity, the Court lacks subject matter jurisdiction over such claims and they are dismissed pursuant to Rule 12(b)(1). The Court further finds that, to the extent that Plaintiff alleges claims against Defendant in his individual capacity, Plaintiff fails to state a claim upon which relief can be granted and such claims are dismissed pursuant to Rule 12(b)(6).

Accordingly, Plaintiff's complaint in its entirety is dismissed without prejudice to amendment with sufficient facts to state a claim.

An appropriate Order follows.

/s/ **W. Scott Hardy**
W. Scott Hardy
United States District Judge

Dated: July 29, 2021

cc/ecf: All counsel of record
James-Christian Faith (via U.S. Mail)

---

[10] Because the Court finds that Plaintiff's complaint should be dismissed on other grounds, the Court need not address Defendant's argument that Plaintiff's claims against him are barred on the basis of absolute and/or qualified immunity.